# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

CARLOS J. MARES,

    Plaintiff,

v.                                                                        Civ. No. 18-171 MV/GJF

MATTHEW E. CHANDLER, et al.,

    Defendants.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on four pending motions filed by Plaintiff, Carlos J. Martinez: (1) Motion Asking <Judge/Court> to Appoint Counsel [ECF No. 5]; (2) Motion to Submit Court Documented Evidence [ECF No. 7]; (3) Motion to Service of Process [ECF No. 8]; and (4) Motion to Submit Proof of Exhausted Administrative Remedies [ECF No. 9].

**Motion Asking <Judge/Court> to Appoint Counsel:** In his Motion, Plaintiff Mares asks the Court to appoint counsel to represent him under 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff Mares

1

appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion Asking <Judge/Court> to Appoint Counsel [ECF No. 5].

**Motion to Submit Court Documented Evidence and Motion to Service of Process**: Plaintiff's Motion to Submit Court Documented Evidence seeks to have transcripts of state court proceedings, police reports, and other documentary evidence submitted to the Court in support of Plaintiff's civil rights claims. [ECF No. 7]. The Motion to Service of Process asks the Court to effectuate service of process on the Defendants under Federal Rule of Civil Procedure 4. [ECF No. 8]. Because Plaintiff is a prisoner proceeding pro se and *in forma pauperis*, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). Whenever a prisoner brings a civil action against prison officials, the Court is obligated to screen the prisoner's complaint. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seems redress from a governmental entity or officer or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b). The Court has a similar obligation to screen the complaint when a pro se plaintiff is proceeding without prepayment of fees and costs under 28 U.S.C. § 1915(e)(2):

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Requests for service of process, discovery, and submission of evidence are premature prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). The Court has not completed screening of Plaintiff's Complaint and will deny Defendant's Motions as premature at this time. If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and submission of evidence. *See, e.g.,* 28 U.S.C. § 1915(d) (when plaintiff is granted leave to proceed *in forma pauperis*, the Court is responsible for issuance and service of process).

**Motion to Submit Proof of Exhausted Administrative Relief:** Plaintiff Mares has also filed a Motion to Submit Proof of Exhausted Administrative Relief [ECF No. 9]. The Prison Litigation Reform Act of 1995 directs: "No action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although it is not clear that Plaintiff is complaining of prison conditions in this case, he is proceeding under 42 U.S.C. § 1983 and asserts, in his Complaint, that he has exhausted available administrative remedies. [ECF No. 1 at 9]. Therefore, the Court will grant Plaintiff's Motion to Submit Proof of Exhausted Administrative Remedies to support his assertion in the Complaint and **ORDER** as follows:

(1) Plaintiff Carlos J. Mares's Motion Asking <Judge/Court> to Appoint Counsel [ECF No. 5] is **DENIED**;

(2) Plaintiff's Motion to Submit Court Documented Evidence [ECF No. 7] is **DENIED** as premature;

(3)  Plaintiff's Motion to Service of Process [ECF No. 8] is **DENIED** as premature; and

(4) Plaintiff's Motion to Submit Proof of Exhausted Administrative Remedies [ECF No. 9] is **GRANTED**.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE