IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS J. MARES,

    Plaintiff,

vs.                                                   No. CV 18-00171 MV/GJF

THE HONORABLE 9TH DISTRICT JUDGE
MATTHEW E. CHANDLER,
PUBLIC DEFENDER THOMAS A. HARDEN,
DEPUTY DISTRICT ATTORNEY BRIAN SCOTT
STOVER, DETECTIVE ALBERT A. SENA,
ATTORNEY GENERAL OF NEW MEXICO
HECTOR BALDERAS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff Carlos J. Mares (Doc. 1) (the "Complaint"). The Court will dismiss the Complaint on the grounds of judicial and prosecutorial immunity, failure to state a claim upon which relief can be granted, and the bar of the *Heck* doctrine.

**I.    Background**

Plaintiff filed his Prisoner's Civil Rights Complaint on February 21, 2018. (Doc. 1). In his Complaint, Plaintiff asserts civil rights claims arising out of criminal proceedings in the Ninth Judicial District Court of the State of New Mexico, including No. D-905-CR-2016-00123, No. M-12-FR-2016-00048, No. D-905-CR-2003-00309, and No. D-905-CR-2016-00176. (Doc. 1 at 1, 2, 5). Plaintiff names as Defendants District Judge Matthew E. Chandler, Deputy District Attorney

1

Brian Scott Stover, Public Defender Thomas A. Harden, Detective Albert A. Sena, and Attorney General Hector Balderas. (Doc. 1 at 1, 3). Plaintiff seeks $5,660,000 in compensation, $1500 per day of incarceration beginning January 20, 2016, reversal of the charges against him and expungement from the record, and immediate release from custody. (Doc. 1 at 10).

In his Complaint, Plaintiff claims that his Fifth Amendment due process rights and his Sixth Amendment effective counsel rights were violated because the victim in one of the criminal proceedings gave a false statement about him, which was incorporated into a police report made by Detective Sena and used as the basis for an indictment against him. (Doc. 1 at 2, 5). Plaintiff also asserts that Judge Chandler had a conflict of interest in presiding over the criminal proceedings because, in an unrelated case when Chandler was District Attorney, Plaintiff testified as a material witness. (Doc. 1 at 5, 7). Plaintiff also claims that his criminal defense attorney, Thomas Harden, rendered ineffective assistance of counsel in the criminal proceedings. (Doc. 1 at 5-7). Last, Plaintiff alleges that Harden, Judge Chandler, and Deputy District Attorney Brian Scott Stover "acted in collusion against me, through out my entire case. The Trio had my jury trial/plea and disposition completely orchestrated the day of Nov. 14, 2016." (Doc. 1 at 8).

Plaintiff's alleged ineffective assistance of counsel and judicial misconduct issues were raised in a New Mexico state habeas corpus proceeding. The New Mexico District Court ruled against Plaintiff in July 2017 and the New Mexico Supreme Court denied certiorari on October 30, 2017. (Doc. 1 at 9).

## II.    Legal Standard

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule

12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, if the initial pleading is defective, *pro se* plaintiffs should be given a reasonable opportunity to file an amended pleading, unless amendment would be futile. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall,* 935 F.2d at 1109.

**III.   Discussion**

Plaintiff's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.

*See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

### A. Judge Chandler is Immune from Suit Under § 1983.

Plaintiff names the Honorable Matthew E. Chandler, State of New Mexico Ninth Judicial District Judge, as a Defendant. (Doc. 1 at 1, 3). Plaintiff's civil rights claims against a judicial officer acting as a judge are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990). It is well-settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with § 1983 claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434-35 (10th Cir. 1986). Absolute immunity bars all lawsuits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir. 2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is

> to benefit the public, whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. The Supreme Court has recognized that the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus. Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

*Van Sickle,* 791 F.2d at 1434–35 (citation omitted).

Plaintiff seeks to recover damages against Judge Chandler because he exercised his judicial discretion to preside over Plaintiff's criminal proceedings despite an alleged conflict of interest arising out of Plaintiff's testimony in an unrelated case. (Doc. 1 at 5). Plaintiff requests damages for acts that were unquestionably made in the exercise of judicial discretion. Any claims against

Judge Chandler are barred by absolute judicial immunity.

### B. Deputy District Attorney Stover has Prosecutorial Immunity.

Plaintiff also names as a Defendant Deputy District Attorney Brian Scott Stover, the prosecutor in his criminal cases. (Doc 1 at 3). "Prosecutorial immunity bars claims for damages against a prosecutor sued in her individual capacity." *Blair v. Osborne*, 777 F. App'x 926, 929 (10th Cir. 2019) (citing *Lewis v. Clarke*, __ U.S. __, 137 S. Ct. 1285, 1291, (2017)). "That immunity provides absolute immunity from suit for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Blair*, 777 F. App'x at 929 (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). "In essence, 'a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case.'" *Blair*, 777 F. App'x at 929 (quoting *Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007)).

Here, the sole basis for Plaintiff's claims against Stover is that, acting as Deputy District Attorney, Stover conspired with the Judge and Plaintiff's Public Defender to orchestrate his jury trial and plea agreement. (Doc. 1 at 8). Stover, however, is entitled to prosecutorial immunity for such actions, as they are intimately associated with the judicial phase of the criminal process. Accordingly, prosecutorial immunity bars Plaintiff's claims against Stover.

### C.     Harden, as Public Defender, Does Not Act Under Color of Law.

Plaintiff also asserts claims against Public Defender Thomas A. Harden, who represented him in his New Mexico state criminal proceedings. Section 1983 may be brought only against persons who act "under color of any statute, ordinance, custom, or usage, of any State, Territory or the District of Columbia." 42 U.S.C. § 1983. The United States Supreme Court has held that public defenders do not act under color of state law for purposes of § 1983 when they perform a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk Cty. v. Dodson,* 454 U.S. 312, 315 (1981).  Here, the Complaint makes no allegations against Harden other than that he was performing a lawyer's traditional functions as counsel to Plaintiff in his state criminal proceeding.  Plaintiff's claims thus fail to state a § 1983 claim against Harden.

### D. The Complaint Does Not State a Claim Against Attorney General Balderas.

The Complaint also names New Mexico Attorney General Hector Balderas as a Defendant. (Doc. 1 at 3).  The Complaint does not make any factual allegations of any acts or omissions by Balderas, nor does it allege any conduct undertaken by Balderas that resulted in the deprivation of a constitutional right.  The mere naming of Balderas as a Defendant, without any allegations of personal involvement by him, is insufficient to state a claim upon which relief can be granted against him. *Ashcroft,* 556 U.S. at 676; *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (a complaint in a § 1983 action must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her") (emphasis in the original).

### E. Plaintiff's Claims are Barred by *Heck v. Humphry*.

Finally, even if Plaintiff could successfully sue Defendants, any claim for damages is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence.  *Id.* at 487.  Plaintiff's request to have his criminal convictions reversed and expunged and to be awarded damages for his imprisonment, based on the wrongful conduct of a judge, prosecutor, and public defender, necessarily attacks the criminal proceedings.  *See e.g., Baldwin v. O'Connor*, 466 F. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . . the deputy district

attorney who prosecuted [plaintiff] and the district-court judge who presided in his case"); *Murphy v. Willmore*, 752 F. App'x 653, 656 (10th Cir. 2018) (same).  Because a favorable ruling on Plaintiff's claims would require treating his convictions and sentences in the Ninth Judicial District and Curry County Magistrate Court as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine.  *See Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir. 1999).

### F. Amendment of the Complaint Would Be Futile.

Ordinarily, pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson,* 907 F.2d at 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).  Because Plaintiff's claims will be barred by *Heck*, any amendment of Plaintiff's Complaint would be futile and, accordingly, the Court will not grant leave to amend.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Carlos J. Mares (Doc. 1) is **DISMISSED** with prejudice.

_____
MARTHA VAZQUEZ
United States District Judge